*By the Court :
It appears from the proceedings that the award directs Molier to pay Thomas forty-six dollars and twenty-five cents, and cost. It orders Thomas to deliver to Molier all the books, papers, and accounts, together with a small chest and wearing apparel, not otherwise disposed of on July 31,1826, and which he, the said Thomas, might then have had in his hands, belonging to the said Molier.
The award is entirely too vague and uncertain. It contains nothing specific, but the payment to be made by Molier, on which Thomas is to deliver up books, papers, accounts, a small chest, and some wearing apparel, but what books, papers, and accounts, or how much, or what description of wearing apparel, is altogether uncertain; and the award contains nothing by which that uncertainty can be removed.
The object of arbitrations is to put an end to litigation, by ascertaining the rights of the parties, and for this purpose, the award must be so explicit and descriptive, that the rights and duties of each party are no longer matters of doubt or dispute.
If specific articles of property are to be delivered, they must be so described that when a delivery, or an offer to deliver is made, it may be known whether the articles are the same that the arbitrators intended or not.
Everything that is required to be done by Thomas, in this award, is indefinite. A tender of anything in the form of books, papers and accounts, and of any articles of wearing apparel, would be a literal performance.
But this is not all. The arbitrators have not ascertained the fact, whether any of these articles are to be delivered or not. This is to depend on another fact, not determined, that is, whether, there were any of them on hand, in July, 1826.
From this view of the ease, it is evident that the court of common pleas did not err in refusing the rule, and having refused it, the applicant was liable for cost.
The court were not bound to give the reasons of their opin'on, and in omitting to do so, they have not acted erroneously.
Judgment afiirmed.